UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARYELLA DAVIS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BANK OF AMERICA GROUP BENEFITS PROGRAM, METROPOLITAN LIFE INSURANCE COMPANY, and AETNA INC.,<br><br>　　　　Defendants. | Case No: C 10-5199 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AETNA INC.'S MOTION TO DISMISS**<br><br>Dkt. 4 |

Plaintiff brings this action under the Employment Retirement Income Security Act of 1974 ("ERISA"), seeking recovery of benefits under short term disability and long term disability plans. The parties are presently before the Court on Defendant Aetna Inc.'s ("Aetna" or "Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 4. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.    BACKGROUND**

　**A.    PLAINTIFF'S DISABILITY CLAIMS**

Plaintiff is an employee of Bank of America and a participant under Bank of America's Group Benefits Program (the "Plan"). Compl. at 2. Defendant Metropolitan Life Insurance Company ("MetLife") funded the Plan and was the claims administrator, fiduciary, and review fiduciary of the Plan. Id. ¶ 7. Defendant Aetna assumed those roles in July 2009. Id. ¶ 8.

Plaintiff alleges that on July 31, 2007 she became unable to work because of "serious illnesses." Id. ¶ 9. Plaintiff thus filed a claim for disability benefits with the Plan and MetLife.

1  Id. Plaintiff's claim for short term disability ("STD") benefits was approved for July 16, 2007
2  through September 10, 2007. Id. ¶ 11. Thereafter, Plaintiff applied for an extension of her
3  STD benefits, and on October 8, 2007, the Plan and MetLife denied her application. Id. ¶ 11.
4  Plaintiff alleges that the Plan and MetLife failed to permit her treating physicians to provide
5  input as to her condition, and failed to consider all relevant information provided by Plaintiff
6  and her treating physicians. Id. ¶ 12. Furthermore, Plaintiff alleges that the Plan and MetLife
7  "failed to make the claims determination on the extension request in accordance with the
8  governing Plan documents." Id.
9        On October 18, 2007, Plaintiff appealed the decision to deny her request for extended
10 STD benefits. Id. ¶ 13. On November 26, 2007, the Plan and MetLife denied her appeal. Id ¶
11 15. Plaintiff alleges that the Plan and MetLife failed to make the determination on her appeal
12 in accordance with the governing Plan documents. Id. Plaintiff further alleges that the Plan
13 and MetLife failed to respond to her request for information and documents relevant to her
14 disability claim. Id. ¶¶ 19-21.
15       On January 17, 2008, Plaintiff submitted a "formal written request" to the Plan and
16 MetLife for long term disability ("LTD") benefits, which subsequently was denied. Id. ¶¶ 22,
17 23. Plaintiff avers that, in their denial letter, the Plan and MetLife incorrectly stated that
18 Plaintiff was ineligible for LTD benefits because she had not filed any prior claim for STD
19 benefits. Id. ¶ 23. Plaintiff also alleges that the Plan and MetLife failed to make the LTD
20 determination in accordance with governing Plan documents. Id. She also asserts that the
21 denial was unreasonable because she was not given any right of review or appeal, and because
22 she was not allowed to review the pertinent documents upon which the LTD denial was based.
23 Id.
24       On July 24, 2009, Aetna notified Plaintiff that it was now administering the Plan. Id. ¶
25 24. Then, on July 31, 2009, Plaintiff submitted another LTD benefits application to Aetna. Id.
26 Plaintiff alleges that, shortly thereafter, Aetna notified Plaintiff that MetLife was responsible
27 for the LTD claim, and that it would not process Plaintiff's LTD application. Id. ¶ 25. Plaintiff
28 asserts that Aetna's failure to process the LTD claim was not in accordance with governing

Plan documents. Id. Moreover, Plaintiff alleges that she attempted to appeal the adverse decision on her LTD claim, but MetLife and Aetna refused to consider her appeal. Id. ¶ 26.

### B. THE INSTANT ACTION

Plaintiff filed the instant action on November 16, 2010, alleging four claims, only three of which are asserted against Aetna: Count I, Recovery of Benefits Under ERISA against all defendants ("First Claim"); Count III, Breach of Fiduciary Duty against all defendants ("Third Claim"); and Count IV, Discrimination and Interference in Violation of ERISA against Aetna and MetLife ("Fourth Claim").

Now, Aetna moves to dismiss only Plaintiff's Third and Fourth Claims under Rule 12(b)(6). Plaintiff opposes Aetna's motion as to her Third Claim, but agrees that dismissal of her Fourth Claim as against Aetna is appropriate. See Pl.'s Opp. at 2, Dkt. 13.

## II. LEGAL STANDARD

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A complaint that raises only "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. ANALYSIS

As to Plaintiff's Third Claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3), Defendant argues that because Plaintiff has asserted a claim to recover benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (Plaintiff's First Claim), which Defendant maintains provides Plaintiff adequate relief, she is foreclosed from asserting a claim under § 1132(a)(3). Plaintiff counters that she may properly assert claims under both § 1132(a)(1)(B) and § 1132(a)(3).[1]

Section 1132(a)(1)(B), which provides the basis for Plaintiff's First Claim, allows a civil action to be brought by a plan participant or beneficiary "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." Section 1132(a)(3), which forms the basis for Plaintiff's Third Claim, provides as follows:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought--
>
> …
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan ….

In Varity Corp. v. Howe, 516 U.S. 489 (1996), the Supreme Court held that § 1132(a)(3) authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations. 516 U.S. at 512. Varity also recognized that the "discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents" constitutes a "fiduciary act." Id. at 511. However, the Supreme Court also explained that § 1132(a)(3) is a "catchall provision" that "act[s] as a safety net, offering other appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere remedy." Id. at 512. As the Supreme Court explained, because § 1132(a)(3) authorizes "appropriate"

---

[1] While Plaintiff's Third Claim does not specifically reference § 1132(a)(3), in their submissions on this motion, both parties recognize that Plaintiff's claim is brought under that section.

- 4 -

equitable relief, "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Id. at 515.  However, Varity did not go so far as to rule that the pleading of a § 1132(a)(1)(B) claim for recovery of denied benefits necessarily precludes a claim for equitable relief under § 1132(a)(3).  The Court did not reach this question because, on the facts before it, plaintiffs could not proceed under either § 1132(a)(1)(B) or § 1132(a)(3).

Defendant contends, however, that the Ninth Circuit decision Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997), which applied Varity, requires dismissal of Plaintiff's § 1132(a)(3) claim at this stage.  In Forsyth, the district court held, at the summary judgment stage, that the plaintiffs lacked standing to bring a claim under § 1132(a)(3) for breach of fiduciary duty because the remedy provided by ERISA for the plaintiffs' harm – overpayment of copayments – was a benefits claim for breach of contract pursuant to § 1132(a)(1)(B).  114 F.3d at 1474.  The Ninth Circuit affirmed the dismissal on the ground that § 1132(a)(3) equitable relief was not "appropriate" given that § 1132(a)(1)(B) had already provided plaintiffs with an adequate remedy.  The Ninth Circuit reasoned:

> In the present case, the [plaintiffs] seek to recover individual relief under section 1132(a)(3) for Humana Insurance's breach of fiduciary duty.  But the [plaintiffs] have already won a judgment for damages under section 1132(a)(1) for the injuries they suffered as a result of the defendant's actions. … In these circumstances, *Varity Corp*. does not authorize equitable relief under the catchall provision of section 1132(a)(3).  Equitable relief under § 1132(a)(3) is not "appropriate" because section 1132(a)(1) provides an adequate remedy in this case.

Id. at 1475.

Simply put, in Forsyth, the court found that § 1132(a)(3) relief was not appropriate because the plaintiffs had already won a money judgment under § 1132(a)(1)(B) that adequately addressed the alleged harm of failing to reduce the plaintiff's co-payments.  Id. at 1472, 1475.  In contrast, construing the allegations in the Complaint in the light most favorable to Plaintiff, Plaintiff here alleges wrongful conduct that goes beyond the mere wrongful denial of benefits.  For example, Plaintiff alleges that Defendant failed to maintain proper records, to

1  disclose information and documents requested by Plaintiff, and to "avoid conflicts of interest."
2  Compl. ¶ 45.  Also, in her prayer for relief, Plaintiff seeks an order compelling Defendant to
3  "disclose to [Plaintiff] information, documents, and materials she requested and which are
4  required by ERISA …."  Id. at 19.

5  Under these circumstances, the Court is reticent to conclude, at the pleadings stage, that
6  the equitable relief that Plaintiff seeks under § 1132(a)(3) for breach of fiduciary duty is
7  entirely foreclosed.  Also, Defendant has offered no controlling authority making clear that §
8  1132(a)(1)(B) is intended to provide the sole relief for the wrongful acts that Plaintiff alleges.
9  Accordingly, the Court concludes that it would be premature to dismiss Plaintiff's Third Claim
10 for breach of fiduciary duty at this time.  See e.g., Ehrman v. Standard Ins. Co., 2007 WL
11 1288465, *3 (N.D. Cal. May 2, 2007) (Jenkins, J.) (denying motion to dismiss § 1132(a)(3)
12 claim for breach of fiduciary duty where plaintiff "appears to allege wrongful conduct that,
13 although not affecting all plan participants, does go beyond the mere wrongful calculation of
14 benefits … [f]or example, … [p]laintiff appears to allege some form of self-dealing through the
15 intentional adoption of biased claim practice and procedures relating to offsets which are
16 systematically designed to increase the financial profitability of the Defendant"); Finkelstein v.
17 Guardian Life Ins. Co. America, 2007 WL 4287329, *4 (N.D. Cal. Dec. 5, 2007) (Breyer, J.)
18 (denying motion to dismiss a § 1132(a)(3) breach of fiduciary duty claim where "[plaintiff] has
19 set forth allegations that go above and beyond the mere denial of benefits … plaintiff alleges
20 that Guardian systematically denies legitimate claims in an attempt to boost profits …
21 unreasonably fails to investigate the basis of their denials of claims … and has unreasonably
22 failed to adopt, implement and apply reasonable or proper standards for investigating and
23 processing claims ….").

24 Moreover, Defendant's reliance on Korotynska v. Metropolitan Life Ins. Co., 474 F.3d
25 101 (4th Cir. 2006) is unavailing.  There, plaintiff alleged that defendant "breached its
26 fiduciary duties by engaging in systematically flawed and abusive claims administration
27 procedures."  474 F.3d at 103.  The district court granted the defendant's motion for judgment
28 on the pleadings as to plaintiff's § 1132(a)(3) breach of fiduciary duty claim, finding that it was

precluded by § 1132(a)(1)(B).  The Fourth Circuit affirmed on the ground that "there is no question that what plaintiff is pressing is a claim for individual benefits."  Id. at 105.  Specifically, the Korotynska court found: "[i]n the current litigation, plaintiff has insisted that she has not renounced her claim for benefits and has admitted that her whole purpose in seeking § 1132(a)(3) relief is to enable her to recover the benefits to which she is entitled."  Id. at 105.  Here, at this stage in the proceeding, it cannot be said that "there is no question" that Plaintiff only seeks to recover benefits.  Rather, based on the allegations in her Complaint, Plaintiff also seeks disclosure of information, documents, and materials that Defendant allegedly withheld in violation of ERISA.  In view of Plaintiff's allegations, and decisions from this district finding similar allegations sufficient, Korotynska is not compelling.

Therefore, Defendant's Motion to Dismiss Plaintiff's Third Claim is DENIED, and Defendant's Motion to Dismiss Plaintiff's Fourth Claim is GRANTED as unopposed.

## IV.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant Aetna's Motion to Dismiss Plaintiff's Fourth Claim as against Aetna is GRANTED as unopposed.

2. Defendant Aetna's Motion to Dismiss Plaintiff's Third Claim is DENIED.

3. This Order terminates Docket 4.

IT IS SO ORDERED.

Dated: April 1, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge